IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Misc. Case No. 1:24-mc-20456

| | |
|---|---|
| PDV USA, INC.,<br><br>       Petitioner,<br><br>v.<br><br>DAVID RIVERA,<br><br>       Respondent. | Related Cases:<br><br>No. 20-cv-3699 (S.D.N.Y.);<br><br>No. 22-mc-23786 (S.D. Fla.);<br><br>No. 22-cr-20552 (S.D. Fla.). |

**PETITIONER PDV USA'S *EXPEDITED* MOTION TO COMPEL RESPONDENT'S COMPLIANCE WITH SUBPOENA TO PRODUCE DOCUMENTS**

      David Rivera is currently in criminal proceedings in the Southern District of Florida. Mr. Rivera's indictment references more than 50 emails and text messages that are also highly relevant in civil litigation against Mr. Rivera's consulting company ongoing in the Southern District of New York, *PDV USA, Inc. v. Interamerican Consulting, Inc.*, No. 1:20-cv-03699 (S.D.N.Y. 2020) (the "S.D.N.Y. Litigation"). But Mr. Rivera refuses to produce the emails and text messages in the S.D.N.Y Litigation. Accordingly, Petitioner PDV USA, Inc. ("PDV USA") moves this Court for an order to compel Respondent David Rivera to comply with a document subpoena issued from the United States District Court for the Southern District of New York.[1]

---

[1] PDV USA previously moved to compel Mr. Rivera's compliance with a separate subpoena to produce a written declaration of an FBI agent relating to the subject of the S.D.N.Y. Litigation. *See generally PDV USA, Inc. v. David Rivera*, No. 1:22-mc-23786 (S.D. Fla.). As this action relates to a separate subpoena seeking different documents and is subject to different claims by Mr. Rivera, PDV USA proceeds here under a new case caption.

## INTRODUCTION

This is an expedited motion to enforce a document subpoena against David Rivera. Petitioner PDV USA is suing Mr. Rivera's one-person consulting company, Interamerican Consulting ("Interamerican") in the S.D.N.Y. Litigation. PDV USA alleges breach of contract and unjust enrichment in connection with a 2017 consulting agreement that PDV USA entered into with Interamerican (as defined below, the "Agreement"). PDV USA alleges that Mr. Rivera never performed any consulting services under the Agreement, breached numerous representations and warranties, and was unjustly enriched. The parties commenced discovery in 2021. During discovery, PDV USA served a document subpoena on Mr. Rivera (the "Subpoena," Ex. A). In response, Mr. Rivera and Interamerican produced some documents from Mr. Rivera's personal email account and cell phone.

In late 2022, Mr. Rivera was indicted by a grand jury in the Southern District of Florida for, among other alleged crimes, lobbying on behalf of the government of Venezuela without registering under the Foreign Agents Registration Act ("FARA") (the "Criminal Matter"). *See generally United States v. Rivera, et. al.*, 1:22-cr-20552 (S.D. Fla.), ECF No 3 (the "Indictment," Ex. B). The thirty-seven page Indictment details how Mr. Rivera and his co-conspirator, Esther Nuhfer, used the Agreement to "creat[e] the false appearance that they were providing consulting services to PDV USA." Indictment at p. 5, ¶ 3.

The Indictment cites and quotes from over fifty emails and mobile messages to and from Mr. Rivera that were never produced to PDV USA in the S.D.N.Y. Litigation (as defined below, the "Indictment Documents"), all of which are highly relevant to PDV USA's claims and defenses and responsive to the Subpoena. Mr. Rivera originally claimed that the Indictment Documents had been lost, though he has never explained why or how. Recently, however, Mr. Rivera came

back into possession of some or all of the Indictment Documents through discovery from the government in the Criminal Matter, yet Mr. Rivera still refuses to produce them to PDV USA. His basis is that the Indictment Documents—his own emails and text messages that are now quoted in the public domain—are shielded from disclosure to PDV USA because of a protective order in the Criminal Matter (Ex. C).

Following motion practice in the S.D.N.Y. Litigation, the court suggested that PDV USA seek relief in the Southern District of Florida. Accordingly, PDV USA requests an order compelling Mr. Rivera to comply with the Subpoena and produce to PDV USA all of the Indictment Documents that are currently or may later be in Mr. Rivera's possession.[2] As explained further below, PDV USA requests expedited treatment for this motion under Local Rule 7.1(d) because a discovery stay currently in place in the S.D.N.Y. Litigation—which was put in place to afford time for the production of the Indictment Documents—is set to expire on March 15, 2023. Accordingly, PDV USA respectfully requests a ruling from this Court by March 10, 2023.

## BACKGROUND

**I.      The S.D.N.Y. Litigation**

Petitioner PDV USA is an indirect subsidiary of the Venezuelan oil company Petróleos de Venezuela ("PDVSA").  ¶ 11.[3]  During the relevant time period (2017), PDV USA existed to provide shareholder support services in the United States to PDVSA. *Id*. Interamerican is a one-person consulting firm solely owned and operated by former U.S. Congressman David Rivera. ¶ 12.

---

[2] To the extent PDV USA later discovers that Mr. Rivera's failure to comply with the Subpoena extends beyond the Indictment Documents, PDV USA reserves the right to amend this motion.

[3] Citations to ¶ __, unless otherwise noted, refer to the Second Amended Complaint in the S.D.N.Y. Litigation.  *See PDV USA, Inc.*, No. 1:20-cv-03699, ECF No. 104.

The S.D.N.Y. Litigation concerns a March 2017 consulting agreement, pursuant to which PDV USA agreed to pay $50 million to Interamerican in six installments over a three-month period and in exchange Interamerican agreed to provide purported "strategic consulting services" for the benefit of PDVSA (the "Agreement"). ¶¶ 1, 3, 16, 22.  Among other things, Interamerican agreed to: (1) provide PDV USA with seven bi-weekly reports and a final report detailing the consulting activities it carried out, (2) supply adequate supporting details on all invoices submitted to PDV USA, (3) not subcontract its services without prior written consent of PDV USA's authorized representative, and (4) not use the money received from PDV USA for illegal purposes or to otherwise violate the law.  ¶¶ 25, 30–31.

PDV USA alleges that Interamerican failed to deliver any consulting services and breached numerous provisions of the Agreement.  For example, Interamerican failed to provide the seven bi-weekly reports.  ¶ 38.  None of its invoices, which totaled $50 million, had any supporting documentation or explanation of services rendered.  ¶ 44.  Third party discovery has revealed that Mr. Rivera breached the no-subcontracting warranty as well.  Without prior written consent by PDV USA, Interamerican entered into written "subcontract" agreements, signed by Mr. Rivera and (i) indicted fugitive Raul Gorrín, (ii) Esther Nuhfer (who is now Mr. Rivera's co-defendant in the Criminal Matter), and (iii) convicted drug trafficker Hugo Perera. ¶¶ 4–7, 46–57, 86.  Pursuant to those subcontracts, most of the $15 million paid by PDV USA to Interamerican under the Agreement was funneled by Mr. Rivera to those three individuals, including to a yacht company that serviced yachts for Mr. Gorrín.  *Id.*[4]  In addition, Interamerican breached its warranty and covenant to not use any of the payments from PDV USA for illegal purposes.  ¶ 58.

---

[4] Mr. Rivera testified in the S.D.N.Y. Litigation that the subcontracting payments were actually "referral" fees.  ¶ 5.

PDV USA sued Interamerican for breach of contract or, in the alternative, unjust enrichment, on the grounds that the Agreement is a void instrument of illegality, which PDV USA entered into at the direction of PDVSA when it was controlled by the Maduro regime.  ¶¶ 7, 76–81.  Interamerican maintains a $30 million counterclaim.

## II.     The Indictment

In November 2022, at the close of fact discovery in the S.D.N.Y Litigation, Mr. Rivera and Ms. Nuhfer were indicted by a federal grand jury in the Southern District of Florida.  The Indictment alleges Mr. Rivera and Ms. Nuhfer conspired to "enrich themselves by engaging in political activities in the United States on behalf of the Government of Venezuela" without registering under FARA.  Indictment at p. 5, ¶ 3.  The Indictment goes to the heart of the S.D.N.Y Litigation: the government alleges that, in order to conceal their illegal lobbying and money laundering, Mr. Rivera and Ms. Nuhfer used the Agreement to "creat[e] *the false appearance that they were providing consulting services to PDV USA*."  *Id.* (emphasis added).

## III.    The Subpoena

In discovery in the S.D.N.Y. Litigation, PDV USA served the Subpoena on Mr. Rivera.  Ex. A.  Among other things, the Subpoena requested "[a]ll Documents and Communications concerning the Agreement" and "[a]ll Communications between [Mr. Rivera] or Interamerican and third-parties concerning the Agreement or the Action, including, but not limited to, Communications with . . . Raúl Gorrín, Hugo Pereira, [and] Esther Nuhfer[.]"  *Id.* at 8, 12.  Mr. Rivera—represented by counsel for Interamerican—agreed to produce responsive documents from, among other sources, Mr. Rivera's personal email and his personal cell phone, including WhatsApp and text messages.  But throughout discovery, Mr. Rivera has hindered PDV USA's legitimate efforts to obtain documents from him.  As just one example, Mr. Rivera admitted to

5

spoliation in a sworn interrogatory response. *PDV USA, Inc.*, No. 1:20-cv-03699, ECF No. 160–4 at 3–4.

### IV. The Indictment Documents

As relevant to this motion, the Indictment cites and quotes from dozens of text and WhatsApp messages and email communications to and from Mr. Rivera concerning the Agreement, the vast majority of which (53) were never produced to PDV USA by Mr. Rivera (or Interamerican) in the S.D.N.Y Litigation (the "Indictment Documents"). *See* Ex. D (letter to counsel for Interamerican listing the 53 Indictment Documents). The Indictment Documents provide a near day-by-day roadmap of Interamerican's schemes in connection with the Agreement. For example, they include:

- drafts of the Agreement itself (Indictment, Overt Acts, ¶¶ 6, 73);

- communications about the tens of millions of dollars paid by PDV USA to Interamerican pursuant to the Agreement (*id.* at ¶¶ 24, 41, 44–45);

- communications about the bi-weekly progress reports that Interamerican was supposed to submit to PDV USA pursuant to the Agreement (*id.* ¶ 74);

- communications about the subcontracting agreements signed by Mr. Rivera that prove Interamerican breached the Agreement (*id.* ¶¶ 15, 19, 20–22, 24, 32, 41, 44–45, 48–53, 74);

- communications with and concerning U.S. public officials that are central to Interamerican's counterclaims (*id.* ¶¶ 14–15, 23–24, 26, 38).

When PDV USA inquired why these documents had not been produced, Mr. Rivera claimed he did not have any of them in his possession. *PDV USA, Inc.*, No. 1:20-cv-03699, ECF No. 158 at 2. In the S.D.N.Y. Litigation, counsel for Interamerican and Mr. Rivera told the court that the Indictment Documents "could have been lost for a variety of reasons," and told PDV USA that they are "without knowledge" of what happened to them. *Id.*, ECF Nos. 121–4, 158. In fact, the record in the S.D.N.Y Litigation strongly suggests that Mr. Rivera deleted the Indictment

6

Documents as part of a deliberate effort to conceal Mr. Rivera's misconduct from the government and from PDV USA. Mr. Rivera has previously produced in the S.D.N.Y Litigation many other emails and text and WhatsApp messages from the exact same time period as the Indictment Documents (in some instances from the same day as some of the Indictment Documents), but the Indictment Documents are conspicuously absent. Furthermore, the Indictment notes that Mr. Rivera encrypted many of the Indictment Documents in order to conceal his illegal conduct. Indictment at p. 5, ¶ 3, p. 8, ¶ 11, p. 11, ¶ 1.

Recognizing the significance of the Indictment Documents, in January 2023, the Court in the S.D.N.Y. Litigation stayed the case to afford time for the production of the Missing Documents to Mr. Rivera in the Criminal Matter, whereupon Mr. Rivera could produce them to PDV USA. *PDV USA, Inc.*, No. 1:20-cv-03699, ECF No. 129. In November 2023, during the pendency of the stay, PDV USA learned that some or all of the Indictment Documents had in fact been produced back to Mr. Rivera in discovery in the Criminal Matter—though Mr. Rivera never informed PDV USA. PDV USA learned this because the government filed a memorandum in the Criminal Matter that referred to "an extensive record consisting of *contemporaneous emails, text messages*, and financial records voluntarily produced by the Government to Defendants in connection with these forfeiture proceedings, generally [ ] described in the Indictment at Paragraph 9 of the 'Manner and Means of Conspiracy' section and Overt Acts 20 through 47." *United States' Reply In Support of Ex Parte Application* at 19, *United States v. Rivera et al.*, 1:22-cr-20552 (S.D. Fla.), ECF No. 116 (emphasis added). Those paragraphs cited in the Indictment overlap substantially with the paragraphs that quote from the Indictment Documents. Accordingly, Mr. Rivera appears to be in possession of at least some of the Indictment Documents, if not all of them. However, Mr. Rivera refused to produce the Indictment Documents to PDV USA, citing a protective order in the

Criminal Matter. *PDV USA, Inc.*, No. 1:20-cv-03699, ECF No. 158 at 2. PDV USA then filed a letter motion in the S.D.N.Y. Litigation, seeking an order compelling Interamerican to produce the Indictment Documents. *Id.*, ECF No. 160. On January 16, 2024, the court suggested that PDV USA should seek relief in the Southern District of Florida. *Id.*, ECF No. 162. The court also ruled that the discovery stay would expire on March 15, 2024. *Id.*

## ARGUMENT

### I. The Indictment Documents Are Relevant to PDV USA's Claims and Defenses and Are In Mr. Rivera's Possession.

Courts consider the scope of discovery available from a non-party under FRCP 45 to be "the same as the scope of discovery under Rule 26." *Marjam Supply Co. of Fla. LLC v. Pliteq, Inc.*, 2018 WL 1456614, at *4 (S.D. Fla. Mar. 23, 2018). "In other words, a party may use a Rule 45 subpoena to obtain 'discovery regarding any non-privilege matter that is relevant to any party's claim or defense,'" so long as it is proportionate to the needs of the case. *Sakhil Ctr. at Doral Condo Ass'n, Inc. v. Hanover Ins. Co.*, 2019 WL 7881626, at *1 (S.D. Fla. Mar. 21, 2019) (quoting FRCP 26(b)(1)).

The Indictment Documents are indisputably relevant to PDV USA's claims and defenses. As discussed above, the Indictment Documents bear directly on Mr. Rivera's purported performance under the Agreement and the breaches alleged by PDV USA. The documents are responsive to, among other Subpoena Requests, Request No. 1, which calls for all documents related to the Agreement. Ex. A at 8. Indeed, in his Responses and Objections, Mr. Rivera agreed to produce all documents related to the Agreement. Ex. E.

As discussed above, because the government appears to have produced some or all of the Indictment Documents to Mr. Rivera in the Criminal Matter, the documents are in Mr. Rivera's possession, custody, and control.

## II. Mr. Rivera Cannot Shield His Own Relevant Communications From Civil Discovery on Grounds of Confidentiality.

Mr. Rivera has suggested that a protective order in place in the Criminal Matter somehow shields the Indictment Documents from discovery. *PDV USA, Inc.*, No. 1:20-cv-03699, ECF No. 158 at 2. This assertion fails for a number of reasons. First, the Indictment Documents—Mr. Rivera's own text messages and emails—are communications that should be in Mr. Rivera's possession and should be discoverable, but, for reasons that are unexplained, were no longer in his possession when PDV USA asked for them and have since been produced back to him by the government. If Mr. Rivera had retained these documents in the ordinary course of discovery, there would be no question that the documents should be produced to PDV USA. The fact that he did not and he now possesses them by virtue of criminal discovery does not somehow shield the documents from discovery in the S.D.N.Y. Litigation.[5]

Second, the Indictment Documents are quoted at length in the *publicly filed* Indictment, and are therefore, by definition, not confidential.

Third, even if for some reason the protective order does prohibit the production of the Indictment Documents to PDV USA, the Subpoena requires, at a minimum, that Mr. Rivera seek the government's consent to produce the Indictment Documents. And the Indictment Documents can be produced to PDV USA pursuant to the protective order in place in the S.D.N.Y. Litigation

---

[5] Mr. Rivera "has provided no authority to suggest that once a document is deemed confidential in one litigation, it may never be sought through discovery procedures for use in another litigation." *Marjam Supply Co. of Fla., LLC v. Pliteq, Inc.*, 2018 WL 1456614, at *6 (S.D. Fla. Mar. 23, 2018); *see also Mauermann v. Cooper Tire & Rubber Co.*, 2015 WL 12516630, at *5 (S.D. Fla. Sept. 3, 2015) ("Just because a document was produced in a prior litigation does not mean it never can be used again in any later similar litigation. That document continues to exist independently, and if it relates to a different case, it should be produced in that different case.").

(Ex. F), just as Mr. Rivera has done for his other emails and mobile messages produced to PDV USA.[6]

### III.    PDV USA Has Good Cause for Seeking Expedited Consideration.

Pursuant to Local Rule 7.1(d), PDV USA submits this Motion as an Expedited Motion. The S.D.N.Y. Litigation was stayed to afford time for the production of the Indictment Documents to Mr. Rivera in the Criminal Matter, whereupon Mr. Rivera could produce them to PDV USA. *PDV USA, Inc.*, No. 1:20-cv-03699, ECF No. 129.  When, in November 2023, PDV USA discovered that the government had produced some or all of the Indictment Documents to Mr. Rivera, PDV USA sought to resolve the issue with counsel for Interamerican and Mr. Rivera, but ultimately was forced to file letter motions in the S.D.N.Y. Litigation in December 2023 and January 2024.  *Id.*, ECF Nos. 157, 160.  The court ruled on January 16, 2024, and determined that PDV USA should seek relief in this District.  *Id.*, ECF No. 162.  The court also ordered that the stay would expire on March 15, 2024.  *Id.*  If the stay expires and PDV USA does not have the Indictment Documents, PDV USA may be forced to pursue its claims and defend Interamerican's counterclaims without potentially case dispositive evidence.  As such, PDV USA respectfully requests that the Court rule on this motion by no later than March 10, 2024.

### CONCLUSION

For the foregoing reasons, PDV USA requests an order compelling Mr. Rivera to comply with the Subpoena and produce to PDV USA all Indictment Documents that are currently or may later be in Mr. Rivera's possession.

---

[6] To the extent this Court determines that it cannot order the production of the Indictment Documents to PDV USA because of the criminal protective order, PDV USA requests that this matter be assigned to The Honorable Darrin P. Gayles, who currently presides over the Criminal Matter.

10

Dated:  February 5, 2024

Respectfully submitted,

/s/ Eliot Pedrosa
Eliot Pedrosa (FBN 0182443)
Amy Grace Fudenberg (FBN 1011312)
JONES DAY
Brickell World Plaza
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 714-9726
epedrosa@jonesday.com
afudenberg@jonesday.com

*Attorneys for Petitioner PDV USA, INC.*

Jeffrey B. Korn (admission *pro hac vice* pending)
Brady M. Sullivan (admission *pro hac vice* pending)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
jkorn@willkie.com
bsullivan@willkie.com

Michael J. Gottlieb (admission *pro hac vice* pending)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mgottlieb@willkie.com

*Attorneys for Petitioner PDV USA, Inc.*

### **CERTIFICATE PURSUANT TO LOCAL RULE 7.1(a)(3)**

The undersigned certifies that counsel for Petitioner PDV USA conferred with counsel for Respondent David Rivera in an effort to resolve the issues raised in this Motion but was unable to do so.

Dated: February 5, 2024

          Respectfully submitted,

/s/ Eliot Pedrosa
Eliot Pedrosa (FBN 0182443)
Amy Grace Fudenberg (FBN 1011312)
JONES DAY
Brickell World Plaza
600 Brickell Avenue, Suite 3300
Miami, Florida 33131
(305) 714-9726
epedrosa@jonesday.com
afudenberg@jonesday.com

*Attorneys for Petitioner PDV USA, Inc.*

Jeffrey B. Korn (admission *pro hac vice* pending)
Brady M. Sullivan (admission *pro hac vice* pending)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
(212) 728-8000
jkorn@willkie.com
bsullivan@willkie.com

Michael J. Gottlieb (admission *pro hac vice* pending)
Willkie Farr & Gallagher LLP
1875 K Street, N.W.
Washington, D.C. 20006
(202) 303-1000
mgottlieb@willkie.com

*Attorneys for Petitioner PDV USA, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned, a member in good standing of the Bar of this Court, hereby certifies that the foregoing document will be served on counsel for Respondent David Rivera by email, and served on Respondents by mail, in accordance with the service provisions of Rule 5 of the Federal Rules of Civil Procedure.

Dated: February 5, 2024

/s/ Eliot Pedrosa
Eliot Pedrosa